UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


NEIL PATRICK BENNETT, #620691,

        Petitioner,

                                        CASE NO. 2:10-CV-11054
v.                                   HONORABLE ANNA DIGGS TAYLOR

HUGH WOLFENBARGER,

        Respondent.

                                               /

**OPINION AND ORDER DENYING REQUEST TO STAY HABEAS PROCEEDINGS, DISMISSING CASE WITHOUT PREJUDICE, AND DENYING A CERTIFICATE OF APPEALABILITY AND LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I.     Introduction**

This is a habeas case brought pursuant to 28 U.S.C. § 2254.  Michigan prisoner Neil Patrick

Bennett ("Petitioner") has filed a request to stay his habeas proceedings asking the Court to hold this

case in abeyance so that he may fully exhaust his claims in the state courts.  Petitioner states that he

has a motion for relief from judgment pending in the state trial court.  For the reasons stated herein,

the Court denies Petitioner's request for a stay and dismisses this case without prejudice.  The Court

also denies a certificate of appealability and denies leave to proceed *in forma pauperis* on appeal.

**II.    Facts and Procedural History**

Petitioner was convicted of two counts of third-degree criminal sexual conduct, Mich. Comp.

Laws § 750.520d(1)(b), following a jury trial in the Oakland County Circuit Court.  He

acknowledged being a habitual offender and was sentenced as a second habitual offender to

concurrent terms of 13½ to 22½ years imprisonment in 2006.  He filed an appeal of right with the

Michigan Court of Appeals raising claims concerning the admission of other acts evidence, the constitutionality of a state statute, the effectiveness of trial counsel, and the scoring of the sentencing guidelines. The Michigan Court of Appeals affirmed his convictions, but remanded for re-sentencing. *See People v. Bennett*, No. 274390, 2008 WL 942009 (Mich. Ct. App. April 8, 2008). Petitioner filed an application for leave to appeal with the Michigan Supreme Court, which was denied. *People v. Bennett*, 483 Mich. 1070, 765 N.W.2d 879 (June 10, 2009). On remand, the trial court reconsidered the scoring of the sentencing guidelines and imposed the same sentence. Petitioner filed another appeal with the Michigan Court of Appeals, which affirmed his sentence. *People v. Bennett*, No. 287180, 2009 WL 4981179 (Mich. Ct. App. Dec. 22, 2009). It does not appear that Petitioner sought further review of his sentence by the Michigan Supreme Court.

Petitioner states that he filed a motion for relief from judgment with the state trial court on February 19, 2010, raising claims concerning the effectiveness of trial and appellate counsel, the prosecutor's charging decision, prosecutorial misconduct during the course of trial, the validity of his habitual offender plea, perjured testimony, and the admission of hearsay. *See* Petition, pp. 13-15. The motion remains pending in state court.

Petitioner dated his federal habeas petition, as well as his request for a stay, on March 11, 2010. In requesting a stay, Petitioner states that he wishes to fully exhaust all of his issues (as presented to the state courts on direct appeal and in his motion for relief from judgment) before proceeding with his federal habeas petition and asks the Court to hold this case in abeyance.

## III.    Analysis

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust available state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state

prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). The claims must be "fairly presented" to the state courts, meaning that the prisoner must have asserted both the factual and legal bases for the claims in the state courts. *See McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*). The claims must also be presented to the state courts as federal constitutional issues. *See Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). Each issue must be presented to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

Petitioner admits that he has not fully exhausted all of his habeas claims in the state courts. It appears that he is in the process of doing so given that he has a motion for relief from judgment pending before the state trial court concerning his convictions. Petitioner must complete the state court process before seeking habeas relief in this Court. *See, e.g., Witzke v. Bell*, No. 07-CV-15315, 2007 WL 4557674 (E.D. Mich. Dec. 20, 2007); *Harris v. Prelisnik*, No. 06-CV-15472, 2006 WL 3759945 (E.D. Mich. Dec. 20, 2006). Federal habeas law provides that a habeas petitioner is only entitled to relief if he can show that the state court adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d). The state courts must first be given a fair opportunity to rule upon Petitioner's habeas claims before he can present those claims to this Court. Otherwise, the Court cannot apply the standard found at 28 U.S.C. § 2254.

Petitioner asks the Court to hold this case in abeyance pending the resolution of his motion for relief from judgment in the state courts. A federal district court has discretion to stay a mixed habeas petition, containing both exhausted and unexhausted claims, to allow a petitioner to present his unexhausted claims to the state courts in the first instance and then return to federal court on a perfected petition. *See Rhines v. Weber*, 544 U.S. 269, 276 (2005). Stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations applicable to federal habeas actions poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state court remedies before proceeding in federal court and the unexhausted claims are not "plainly meritless." *Id*. at 277.

In this case, Petitioner has not shown the need for a stay. First, the one-year statute of limitations applicable to federal habeas actions, *see* 28 U.S.C. § 2244(d), does not pose a problem. When a habeas petition challenges only the judgment of conviction and raises no challenge to the re-sentencing judgment, the one-year limitations period begins to run when the original conviction becomes final, not when the judgment of re-sentencing becomes. *See Bachman v. Bagley*, 487 F.3d 979, 982-84 (6th Cir. 2007).[1] The Michigan Supreme Court denied Petitioner leave to appeal as to his convictions on June 10, 2009. Petitioner then had 90 days in which to seek a writ of certiorari with the United States Supreme Court. *See Lawrence v. Florida*, 549 U.S. 327, 333 (2007); S. Ct.

---

[1]The Court has some concern regarding whether *Bachman* has been undermined by *Burton v. Stewart*, 549 U.S. 147 (2007), where the United States Supreme Court stated that for purposes of the habeas statute of limitations, "[f]inal judgment in a criminal case means the sentence. The sentence is the judgment." *Id*. at 156-57 (quoting *Berman v. United States*, 302 U.S. 211, 212 (1937)). If such is the case, Petitioner's convictions did not become final until after his re-sentencing and related appeal (which includes the 56-day period for seeking leave to appeal with the Michigan Supreme Court) on February 16, 2010. Under this scenario, the statute of limitations poses even less of a concern as only three days of the one-year period ran before Petitioner filed his state court motion for relief from judgment on February 19, 2010.

Rule 13(1).  He did not do so.  His convictions became final on September 8, 2009.  Petitioner was thus required to file his federal habeas petition by September 8, 2010, excluding any time during which a properly filed application for state post-conviction or collateral review was pending in accordance with 28 U.S.C. § 2244(d)(2).  Petitioner filed his motion for relief from judgment in the state trial court on February 19, 2010.  The one-year period has been tolled since that time and will remain tolled for his related appeals, as long as they are properly filed.  *See* 28 U.S.C. § 2244(d)(2); *see also Carey v. Saffold*, 536 U.S. 214, 219-221 (2002).[2]

Once Petitioner completes state post-conviction review, he will have at least six months of the one-year period remaining in which to seek federal habeas relief.  Petitioner has sufficient time to fully exhaust his issues in the state courts and return to federal court.  Additionally, while there is no indication that Petitioner has engaged in "intentionally dilatory tactics," he has not shown good cause for failing to fully exhaust all of his potential claims in the state courts before proceeding in federal court.  Lastly, Petitioner's unexhausted claims appear to concern matters of federal law which may warrant further review.  Under such circumstances, a stay is unwarranted and a non-prejudicial dismissal of the case is appropriate.

## IV.    Conclusion

For the reasons stated, the Court concludes that Petitioner must fully exhaust all of his claims in the state courts before proceeding on federal habeas review.  Accordingly, the Court **DENIES**

---

[2]While the time in which a habeas case is pending in federal court is not statutorily tolled, *see Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (holding that a federal habeas petition is not an "application for State post-conviction or other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2) so as to statutorily toll the limitations period), such time is equitably tolled by the Court.  *See, e.g., Johnson v. Warren*, 344 F. Supp. 2d 1081, 1088-89 (E.D. Mich. 2004).  In this case, such federal time is inconsequential as it will be subsumed within the state post-conviction review period and tolled on that basis.

Petitioner's request to stay the proceedings and **DISMISSES WITHOUT PREJUDICE** his petition for a writ of habeas corpus. The Court makes no determination as to the merits of his claims.

Before Petitioner may appeal this decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability is warranted only when "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies a habeas claim on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). The Court concludes that reasonable jurists could not debate whether the Court was correct in its procedural ruling. Accordingly, the Court **DENIES** a certificate of appealability. The Court also **DENIES** leave to proceed *in forma pauperis* on appeal as any appeal would be frivolous and cannot be taken in good faith. *See* Fed. R. App. P. 24(a). This case is closed.

**IT IS SO ORDERED**.


DATED: June 2, 2010                                          **s/Anna Diggs Taylor**
                                                             ANNA DIGGS TAYLOR
                                                             UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing Order of Dismissal was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail disclosed on the Notice of Electronic Filing on June 2, 2010.

Neil Bennett, #620691
Macomb Correctional Facility
34625 26 Mile Road
New Haven, MI 48048                                         s/Johnetta M. Curry-Williams
                                                                          Case Manager